MEMORANDUM**
Alfred J. Antonini appeals pro se the district court’s dismissal with prejudice of his appeal from the bankruptcy court’s dismissal with prejudice of the Chapter 11 bankruptcy case of Gelso Investments V, LLC, whose sole members are Antonini and his wife. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review for abuse of discretion a district court’s decision to dismiss a bankruptcy appeal under Federal Rules of Bankruptcy Procedure 8001(a) and 8006, see Fitzsimmons v. Nolden, 920 F.2d 1468, 1472 (9th Cir.1990), and to impose sanctions for non-compli *917 anee with non-jurisdictional bankruptcy procedural requirements, see Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 706-07 (9th Cir.1986).
We affirm.
Federal Rule of Bankruptcy Procedure 8006 requires an appellant to file a statement of issues and designation of record within ten days of filing the notice of appeal. Applying Federal Rule of Bankruptcy Procedure 8001(a), the district court properly dismissed with prejudice Antonini’s bankruptcy appeal for failure to prosecute because, eleven months after filing his notice of appeal, with sufficient opportunities to comply despite his incarceration, Antonini still had not filed the requisite documents. See id. (noting that a one-month delay in complying with Bankruptcy Rule 8006 was extreme and in bad faith).
Further, the dismissal with prejudice was correct because the underlying bankruptcy case was filed in bad faith, and Antonini demonstrated a pattern of bad faith actions as a repeat filer in numerous prior bankruptcy cases. See id. at 1478; Leavitt v. Soto, 171 F.3d 1219, 1224-25 (9th Cir.1999) (affirming dismissal with prejudice where debtor filed five bankruptcy petitions).
Antonini’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition, is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.